```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

PRINCESS C. MONTPELIER,       )
                              )
        Plaintiff,             )
                              )
    v.                         )     Case No. 2:19-cv-84
                              )
GREEN MOUNTAIN CARE and       )
CORY GUSTAFSON, Commissioner  )
Department of Vermont Health  )
Access,                       )
                              )
        Defendants.            )

## OPINION AND ORDER

Plaintiff Princess C. Montpelier, proceeding *pro se*, claims the Defendants wrongfully denied her funding for transportation to out-of-state medical providers. Defendants now move to dismiss, arguing that Plaintiff's claims are barred by *res judicata*, that the Complaint fails to state a claim under 42 U.S.C. § 1983, and that Plaintiff has not alleged personal involvement by Defendant Cory Gustafson. The motion to dismiss is unopposed.

For the reasons set forth below, Defendants' motion to dismiss is **granted.** Plaintiff may amend her Complaint within 30 days. Failure to file a timely Amended Complaint will result in the dismissal of Plaintiff's claims with prejudice.

## Factual Background

Plaintiff alleges that Green Mountain Care has repeatedly denied her the funding she requires to travel to certain medical

providers. According to Defendants, Green Mountain Care is a Division of the Department of Vermont Health Access ("DVHA"). DVHA apparently reviews, and can either grant or deny requests from Medicaid recipients for funding to subsidize health care-related transportation.

In this case, Plaintiff cites denials of her requests for transportation to two out-of-state providers. She first claims that Defendants denied her funding for transportation to Dartmouth Hitchcock Medical Center, which is located in New Hampshire. DVHA has allegedly approved funds for Plaintiff to receive care at the University of Vermont Medical Center ("UVMC") in Burlington, Vermont, but Plaintiff claims the providers at UVMC have "discriminated horrendously against [her] in the past," including a refusal to see her in 2009. ECF No. 3 at 1.

Plaintiff similarly claims that she has been denied funding to travel to New York City for care. The Complaint alleges that Dr. Themistocles Phopsaltis was the primary surgeon on a team that performed Plaintiff's surgery on December 14, 2018. Defendants have allegedly denied Plaintiff's request for transportation to a post-operative appointment with Dr. Phopsaltis in New York.

The Complaint asserts that this Court has jurisdiction because "the Federal government contributes to Medicaid of each state. And currently the State of Vermont is not delivering."

2

*Id.* at 3.  For relief, Plaintiff asks the Court to (1) order Green Mountain Care to provide her with the transportation needed to attend appointments at Dartmouth Hitchcock Medical Center and the office of Dr. Phopsaltis, and (2) reimburse her for transportation and hotel expenses as necessary.

## Discussion

### I. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When interpreting a *pro se* plaintiff's complaint, a court should construe the complaint liberally and interpret it to raise the strongest arguments that it suggests.  *See Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002).

In this case, the pending motion to dismiss is unopposed. The lack of opposition does not mean, however, that the motion must be granted.  *See Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007).  "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual

3

allegations and test only its legal sufficiency. . . .'" *Id.* (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)).

## II. *Res Judicata*

Defendants' first argument is that Plaintiff's claims are barred by *res judicata*. This is not the first lawsuit in which Plaintiff has alleged violation of a federal right to Medicaid-funded transportation. In 2006, under her former name Esther Avila, Plaintiff sued State of Vermont officials and others claiming a right to Medicaid funding for transportation to medical appointments. *See Avila v. Smith*, Case No. 2:05-cv-309, 2006 WL 1519420, at *1 (D. Vt. May 26, 2006). In that case, the Court granted Defendants' motion to dismiss for failure to state a claim, holding that Plaintiff had failed to establish an enforceable federal right under 42 U.S.C. § 1983. *Id.* at *6.

The doctrine of *res judicata*, also known as claim preclusion, limits repetitious suits and preserves judicial economy. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) involved the same parties or their privies, and (4) involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (citations omitted). This case meets those four requirements. The Court's 2006 ruling was a final judgment on the merits by a

Court with jurisdiction over the subject matter. The parties are fundamentally the same, as Plaintiff is again suing state actors for denying her transportation funding. And with respect to the cause of action, both the 2006 case and Plaintiff's current Complaint allege violations of Medicaid's transportation provision.

The 2006 decision determined that while Medicaid regulations require state agencies to provide transportation for medical care, *see* 42 C.F.R. § 431.53(a), most federal courts have held that a regulation does not create a federal right enforceable under 42 U.S.C. § 1983. *Avila*, 2006 WL 1519420, at *4. Since 2006, the Second Circuit has made clear that a federal regulation is privately enforceable under Section 1983 only "if it invoke[s] a private right . . . that Congress through statutory text created" and the right recognized by the regulation "extend[s] no further than the personal right conferred by the plain language of the statute." *Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 153 (2d Cir. 2011); *see Davis v. New York City Hous. Auth.*, 379 F. Supp. 3d 237, 248 (S.D.N.Y. 2019). In this case, Plaintiff presents no argument or allegation that Congress created a private right to Medicaid funding for out-of-state transportation. Accordingly, this Court's holding in 2006 still applies.

Although Plaintiff's claims are based upon events that

occurred since 2006, her legal theory is the same, and the doctrine of *res judicata* governs the outcome. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 289-90 (2d Cir. 2000) ("The hundreds of new incidents about which plaintiffs now complain fall within the same queue as those of injured officers who sought additional time out-of-residence under the earlier version."); *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 638 (2d Cir. 1989) (holding that prior dismissal of civil rights claims precluded subsequent action despite allegations of new acts of harassment); *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 379 (S.D.N.Y. 1999) (concluding that *res judicata* barred resident's Establishment Clause claims even though complaint relied on facts that post-dated prior judgments), *aff'd*, 207 F.3d 105 (2d Cir. 2000). Plaintiff's Complaint is therefore barred by *res judicata*.

**III. Failure to State a Cognizable Claim**

Even without the application of *res judicata*, the Complaint lacks a cognizable legal basis. The Complaint does not cite any statute or constitutional provision granting Plaintiff a right of action. Plaintiff's statement of jurisdiction states only that the federal government contributes to state-run Medicaid programs. Giving the Plaintiff's *pro se* Complaint the required liberal reading, Defendants have construed the Complaint as asserting a cause of action under 42 U.S.C. § 1983. Section 1983

6

imposes liability for violation of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Court agrees that with no other citation to a private right of action, it is reasonable to construe the Complaint as brought under Section 1983.

As explained previously, however, a federal regulation does not create a right to relief under Section 1983. The Supreme Court has held that "language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 523 U.S. 498, 502 (1990). The Medicaid statute provides that Medicaid recipients may obtain medical services from providers. 42 U.S.C. § 1396a(a)(23). The Medicaid *regulations* address the question of transportation. 42 C.F.R. § 4310.53(a). In its 2006 ruling in *Avila*, this Court followed the Eleventh Circuit's reasoning in *Harris v. James*, 127 F.3d 993, 1009 (11th Cir. 1997), which held that the transportation requirement in the Medicaid regulations does not create an enforceable right. The Second Circuit has since referenced the determination in *Harris* that the transportation requirement "could not 'reasonably [be] understood to be part of the content of,' . . . a statutory right to receive medical assistance with reasonable promptness." *Shakhnes v. Berlin*, 689 F.3d 244, 255-56 (2d Cir. 2012) (comparing Medicaid transportation regulation to

7

Medicaid regulation governing the timing of a fair hearing). Accordingly, the Court again finds that Plaintiff has failed to state a cognizable claim under Section 1983.

**IV.  Personal Involvement by Defendant Gustafson**

Defendants' final argument for dismissal is that Plaintiff has failed to allege personal involvement by Defendant Cory Gustafson, Commissioner of DVHA.  This defense applies only to the extent that Plaintiff is seeking damages from Gustafson in his individual capacity.  *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," a plaintiff must plausibly allege that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").  Plaintiff's only reference to Gustafson is in the caption of the Complaint.  There are no allegations of personal involvement, and any claim for damages against Gustafson in his individual capacity is therefore dismissed.

**V.  Leave to Amend**

The Second Circuit has held that "[a] *pro se* plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend [her] complaint." *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980); *see also Chavis*

8

*v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Here, it is not clear that Plaintiff can state a viable legal claim, but this Circuit's precedent encourages giving her another opportunity. Accordingly, Plaintiff may file an Amended Complaint within 30 days. Failure to do so will result in the dismissal of all claims with prejudice.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 9) is **granted**. The pending motions regarding entry of a discovery schedule (ECF Nos. 11, 14) are **denied** as moot. Plaintiff may filed an Amended Complaint within 30 days. Failure to do so will result in the dismissal of all claims with prejudice.

DATED at Burlington, in the District of Vermont, this 11th day of October, 2019.

/s/ William K. Sessions
William K. Sessions III
District Court Judge